IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3171-BO

FILED
JUN 2 3 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

REGINALD BARNES, )
        Plaintiff, )
)
v. ) **ORDER**
)
UNITED STATES OF AMERICA, et al., )
        Defendants. )

Reginald Barnes ("Barnes"), an inmate housed at Low Security Correctional Institution in Butner, North Carolina ("LSCI-Butner"), filed this action under the Federal Torts Claim Act ("FTCA"), 27 U.S.C. § 2672, as well as Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). The case was originally filed in the United States District Court for the District of Columbia. On November 24, 2008, that court entered an order transferring the case to this district. (D.E. # 3) On September 29, 2009, this court entered an order dismissing the Bivens claim as frivolous against all defendants, but allowing the FTCA to proceed against the United States. (D.E. # 6)

Barnes makes allegations under the Federal Torts Claim Act, 28 U.S.C. §§ 2675, et seq Defendant argues plaintiff's claim should be dismissed pursuant to Fed. R. Civ. P 12(b)(1), because this court lacks subject matter jurisdiction. When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Evans v. B. F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). Under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the 12(b)(1) motion attacks the

complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are alleged to be true and the plaintiff is afforded the same protections he or she would receive under a 12(b)(6) motion. Adams, 697 F.2d at 1219. The 12(b)(1) motion may alternatively attack the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). Because the court's power to hear the case is at issue in a 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219. No presumptive truthfulness attaches to either party's claims. Id.

> The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2675, et seq., specifies:
>
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a); see Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990) (vacating judgment for plaintiff because the requirements of section 2675(a) are jurisdictional and may not be waived).

A FTCA action against the United States must be commenced "within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b). The six-month limitation period in section 2401(b) is jurisdictional, affects subject matter jurisdiction, and must be strictly construed because it concerns a waiver of sovereign immunity. See, e.g., Kontrick bv. Ryan, 540 U.S. 443, 453 n. 8 (2004); Maahs

v. United States, 840 F.2d 863, 866 n.4 (11th Cir. 1988); see also Penns Millers Ins. Oc. V. U.S., 472 F. Supp.2d 705, 710-11 (E.D.N.C. 2007).

On August 23, 2007, as required by the FTCA, an Administrative Tort Claim was filed by plaintiff with the BOP. (Mem. in Supp. of Mot. to Dismiss, Ex. 1) On March 12, 2007, the BOP mailed to plaintiff the final denial of his administrative tort claim. (Id.) The letter was delivered to plaintiff who's signature acknowledges its receipt on March 17, 2008. (Id.) The letter advised plaintiff "[i]f [he was] dissatisfied with this determination, [he] may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification." (Id.)

On November 24, 2008, this action was received and filed in the District of Columbia. Thereafter, it was transferred to this court. The United States argues the complaint was not timely filed. Plaintiff states that "to claim that the FTCA was not filed in a timely manner does not take into account the fact that this claim began as a Bivens action and was later filed as a Tort claim. Had Plaintiff been aware or properly advised, he certainly would have filed in a timely manner." He therefore seeks equitable tolling. However, the March 12th letter is the right to sue letter denying plaintiff's administrative tort claim filed pursuant to the FTA alleging negligence. The letter instructs plaintiff on the proper procedure and time lines for pursuing his claim. Plaintiff was on notice of the time constraints.

As stated above, plaintiff had six months within which to file this action. Plaintiff failed to meet this requirement and readily admits the defect. (Pl. Response to Defendant's Motion to Dismiss) Because plaintiff failed to comply with the statute of limitations for filing against the United States, and the complaint was not mailed or filed within the six month period of limitations required by the FTCA, no subject matter exists over the case.

3

For the reasons stated above, defendants' motion to dismiss is GRANTED and the action is DISMISSED. The clerk is DIRECTED to close the case. SO ORDERED, this the __ day of June 2010.

*signature*
TERRENCE W. BOYLE
United States District Judge